UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARANTZAZÚ ZUZENE GALDÓS-SHAPIRO )<br>)<br>Plaintiff,                                     )<br>)<br>v.                                                    )<br>)<br>)<br>THE TOWN OF GREAT BARRINGTON,  )<br>PAUL E. STORTI, JOSEPH O'BRIEN         )<br>and PETER DILLON                             )<br>)<br>Defendants.                              )<br>) | CIVIL ACTION NO. 3:24-cv-30070 |

**PLAINTIFF'S REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AS TO
DEFENDANT PETER DILLON'S OPPOSITION**

Ms. Galdos-Shapiro[1] submits this reply brief in order to address the various arguments Dr. Dillon has raised in opposition to Ms. Galdos-Shapiro's Motion for Leave to Amend the Complaint (the "Motion"). At bottom, Ms. Galdos-Shapiro brought this motion seeking to amend her complaint in order to comply with the presentment requirements. Her claims are based upon the coordinated effort Defendants made to use the Complainants fallacious accusations as an excuse to punish an individual who is a member of multiple protected classes for expressing her person views on a matter of public concern through simply having the book *Gender Queer* in her classroom. The Court should allow the Motion. To avoid duplication and in the interests of efficiency, Ms. Galdos-Shapiro incorporates here her arguments raised in her reply to Chief

---

[1] All defined terms have the same meaning as in Plaintiff's Memorandum of Law in Support of Motion for Leave to Amend.

1

Storti and Officer O'Brien's Opposition, including, without limitation, as to the arguments relating to common law immunity, and claimed undue delay, which are equally applicable to the arguments Dr. Dillon has raised.

### I. Count VI for Intentional Infliction of Emotional Distress is Not Futile.

#### a. The Workers' Compensation Act Does Not Shield Dr. Dillon's Liability for Intentional Torts that are Against the District's Interests.

According to Dr. Dillon, the Workers' Compensation Act (the "Act") shields him from liability for coordinating with the GBPD to violate Ms. Galdos-Shapiro of her civil rights simply because an award-winning book was purportedly located in Ms. Galdos-Shapiro's classroom. Happily, he is wrong.

Putting aside the (perhaps theoretical) circumstance in which intentional torts serve the interests of the employer, "intentional torts are not an accepted risk of doing business" and therefore not in the "course of employment" under the Act. O'Connell v. Chasdi, 400 Mass. 686, 691 (1987). Such intentional torts to assault someone, purposefully engage in extreme and outrageous conduct resulting in emotional distress, or otherwise harm an individual on purpose are quite different from the garden-variety types of negligence that fell well within the ambit of the Act. In O'Connell v. Chasdi, for example, the SJC held that the exclusivity provisions of the statute do not bar an employee from suing a co-employee for intentional infliction of emotional distress arising from sexual harassment.  Id.  In the same way, in Galdauckas v. Interstate Hotels Corp. No. 16 the U.S. District Court for the District of Massachusetts explained that the Act did not bar the plaintiff's claims against her supervisor who sexually harassed her. 901 F. Supp. 454, 468–69 (D. Mass. 1995). Those actions could not have furthered the interests of the employer. Id.

In the same way, Dr. Dillon's actions here could not have furthered the interests of the employer and therefore are not protected under the Act. Facilitating law enforcement persecution of a member of multiple protected classes for expressing her personal views on matters of public concern is not in the District's interests. To the contrary, it undermines the very rights that government entities including schools are to foster and encourage.

  b. <u>Dr. Dillon's Conduct Was Extreme and Outrageous</u>.

Dr. Dillon was pivotal in fomenting and enabling the other Defendants' assault on Ms. Galdos-Shapiro's civil rights. He played an active role in facilitating the GBPD's attack on Ms. Galdos-Shapiro's civil rights. Among other things, "Dr. Dillon agreed with Chief Storti's plan to ambush Ms. Galdós-Shapiro and to search her classroom for the book Chief Storti determined, without any reasonable basis, to be 'obscene.'" ECF No. 28-2, ¶43. Indeed, he failed to apprise the GBPD of the District's established non-criminal procedure for reviewing books, which would have avoided the entire issue. <u>Id</u>. In other words, Dr. Dillon did not simply acquiesce or comply with the GBPD's investigation (as Dr. Dillon would have it). He elected to knowingly participate in an attack on a particularly vulnerable individual's civil rights in a coordinated fashion.

As a result, Dr. Dillon's recitation of hornbook law on the general standards of "extreme and outrageous" conduct get him nowhere. Ms. Galdos-Shaprio's claims do not rest upon "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities." <u>Foley v. Polaroid Corp.</u>, 400 Mass. 82, 90 (1987) (internal quotations and citation omitted. Rather, it rests upon Dr. Dillon's choice to actively participate in stripping Ms. Galdos-Shapiro of her civil rights. The count for intentional infliction of emotional distress against Dr. Dillon survives.

**Conclusion**

For all the reasons stated herein, Ms. Galdós-Shapiro respectfully requests that the Court allow this Motion and grant her leave to file its proposed Second Amended Complaint

                ARANTZAZÚ ZUZENE GALDÓS-SHAPIRO

                By her attorneys,

                /s/ *Benjamin J. Wish*
                Howard M. Cooper (BBO# 543842)
                *hcooper@toddweld.com*
                Benjamin J. Wish (BBO# 672743)
                *bwish@toddweld.com*
                Maria T. Davis (BBO # 675447)
                *mdavis@toddweld.com*
                Shayne N. Lotito (BBO# 711888)
                *slotito@toddweld.com*
                TODD & WELD LLP
                One Federal Street, 27th Floor
                Boston, MA 02110
                Tel: (617) 720-2626
                Fax: (617) 227-5777

Dated:  June 3, 2025

**CERTIFICATE OF SERVICE**

I, Benjamin J. Wish, hereby certify that on this 3rd day of June, 2025, the foregoing was served on counsel for all parties via CM/ECF.

                /s/ *Benjamin J. Wish*
                Benjamin J. Wish